IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| MICHAEL PRESLEY et al., | ) | |
| | ) | |
| Petitioners, | ) | Case No. 9:16-cv-81735-RLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER GRANTING UNITED STATES' MOTION TO DISMISS

The United States has moved to dismiss a petition to quash brought by Michael and Cynthia Presley, Presley Law and Associates, P.A., and BMP Family Limited Partnership ("Petitioners"). *See* ECF No. 1 (petition to quash), No. 5 (amended petition to quash), No. 9 (United States' motion to dismiss). The dispute arises from three summonses issued by the Internal Revenue Service to Bank of America seeking records related to Petitioners as part of examinations into their 2014 tax liabilities. Petitioners oppose Bank of America producing records regarding the client trust and escrow accounts of Presley Law and Associates, P.A. ("Presley Law"). They claim that, under Florida law, the clients of Presley Law, whose financial information may be reflected in the records requested by the IRS, have a reasonable expectation of privacy in those records.[1] The United States argues that federal law governs these proceedings, that the summonses comply with federal law, and that Florida law, to the extent it is inconsistent with federal law, is preempted. *See* ECF No. 9. This Court agrees with the United States and grants its motion to dismiss.

---

[1] Petitioners initially appeared to rely on the Fourth Amendment and the attorney-client privilege, as well. *See* ECF No. 1. However, they have since abandoned those arguments. *See* ECF No. 14 (Petitioners' response to United States' motion to dismiss).

Though Petitioners base their argument exclusively on an expectation of privacy, they concede that the summonses satisfy the Fourth Amendment. This is so for two reasons. First, the summonses are narrowly drawn and comply with the standards set out in *United States v. Powell*, 379 U.S. 48 (1964).[2] For IRS summonses, that is all the Fourth Amendment requires. *See United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983) ("As long as the IRS complies with the *Powell* requirements, it will not violate the summoned party's [F]ourth [A]mendment rights."). Second, even if the summonses had not satisfied *Powell*, neither Petitioners nor the clients of Presley Law have standing to raise a Fourth Amendment argument because they lack a reasonable expectation of privacy in records maintained by a third-party bank. *See United States v. Miller*, 425 U.S. 435, 440 (1976).

Petitioners note that Florida law, unlike federal law, does recognize a reasonable expectation of privacy in records held by a third-party bank,[3] but state law is inapposite in these proceedings. The IRS, a federal agency, issued the three summonses pursuant to a federal statute, 26 U.S.C. § 7602. Under the Supremacy Clause of the U.S. Constitution, federal law determines the enforceability of the summonses "notwithstanding" any provisions in the "Constitution or Laws of any State." United

---

[2] In *Powell*, the Supreme Court held that IRS summonses are presumptively enforceable where: 1) "the investigation will be conducted pursuant to a legitimate purpose," 2) "the inquiry may be relevant to the purpose," 3) "the information sought is not already within the [IRS's] possession," and 4) "the administrative steps required by the [Internal Revenue] Code have been followed." 379 U.S. at 57–58. Since then, an additional requirement—the lack of a Justice Department referral—has been added. *See* 26 U.S.C. § 7602(d)(1). The United States submitted a declaration from an IRS revenue agent attesting that all of these requirements are satisfied. *See* ECF No. 9-1.

[3] The Florida Constitution provides that "[e]very natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein." Fla. Const. art. I, § 23. This includes, unlike under federal law, a "legitimate expectation of privacy in financial institution records." *Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation*, 477 So. 2d 544, 548 (Fla. 1985).

States Const. art. VI, cl. 2. Thus, if "there is a conflict [between federal law and a state Constitution], federal law prevails under the Supremacy Clause." *United States v. Fleet*, 498 F.3d 1225, 1227 (11th Cir. 2007). Because the Florida Constitution creates requirements not present under the Fourth Amendment, it is preempted. *See In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-au-Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (rejecting contention that the Florida Constitution's privacy rights are applicable to subpoenas issued pursuant to federal law because "[t]o the extent that state law is inconsistent, it is preempted").[4]

In sum, the IRS has issued three valid and enforceable summonses, and Petitioners' sole argument for quashing them fails. As a result, it is **ORDERED** that the United States' motion to dismiss (ECF No. 9) is **GRANTED**. The petition to quash (ECF No. 1) and amended petition to quash (ECF No. 5) are hereby **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall **CLOSE THIS CASE**.

**IT IS SO ORDERED** this 4th day of January, 2017.

Robin Rosenberg
United States District Judge

---

[4] Petitioners mistakenly rely on *Katz v. United States*, 389 U.S. 347 (1967), in an attempt to get around the preemption issue. In *Katz*, the Supreme Court endorsed states' ability to create protections for their citizens that go beyond what the Fourth Amendment guarantees. *Id.* at 350–51. This is limited, however, to circumstances where state law supplies the rule of decision. In cases such as this one that arise under a federal statute, federal law governs, *In re Int'l Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982), and inconsistent state law yields under the Supremacy Clause, *Fleet*, 498 F.3d at 1227.